**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-4655-RMR

GELMUT AURELIANO MARROQUIN LOPEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,
GEORGE VALDEZ, Field Office Director for Denver Immigration and Customs Enforcement,
TODD LYONS, Director of Immigration and Customs Enforcement[1],
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; and
TODD BLANCHE, Acting Attorney General of the United States,

Respondents.

---

**ORDER**

---

Petitioner Gelmut Aureliano Marroquin Lopez ("Petitioner") is a citizen of Mexico who entered the United States over twenty years ago. ECF No. 1 ¶¶ 6, 12. He has four children and is the primary financial provider for his family. *Id.* ¶ 13. On June 30, 2026, Immigration and Customs Enforcement ("ICE") detained Petitioner while he was driving to work. *Id.* ¶ 16. He has remained in their custody since that date. *Id.* ¶ 20. On August 24, 2026, an Immigration Judge conducted a bond hearing and denied Petitioner's release because "Petitioner had not established that he was not a danger." ECF No. 1-2

[1] Pursuant to Fed. R. Civ. P. 25(d), David Venturella is automatically substituted for Todd Lyons as Acting Director of Immigration and Customs Enforcement.

at 2. Petitioner filed the instant Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1,[2] seeking immediate release. *Id.* at 10.

The relief requested by Petitioner and the legal claims and arguments upon which it is premised are familiar to the Court and the parties. Respondents state they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." ECF No. 6 at 2. Respondents "recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id*. They suggest that the appropriate relief would be an order requiring that Respondents "provide Petitioner with a new bond hearing under 8 U.S.C. § 1226(a), or an order to release Petitioner under reasonable conditions of supervision." *Id.*

Given this response, the Petition is granted. With respect to the appropriate relief, this Court has previously granted similar petitions and ordered Respondents to provide those petitioners with a bond hearing where the "Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified." *See Tzompa Garcia v. Baltazar*, No. 26-CV-2713-RMR, 2026 WL 2240137, at *1 (D. Colo. Aug. 4, 2026); *see also A.A.G.R. v. Baltazar*, No. 26-CV-02344-RMR, 2026 WL 2110577, at *2 (D. Colo. July 22, 2026). Several of these bond hearings were not compliant with the Court's orders, specifically with respect to applying the "clear and convincing" standard. *Tzompa Garcia*, 2026 WL 2240137, at *3; *A.A.G.R.*, 2026 WL 2110577, at *3. Other courts in this District

[2] Respondents filed a response. ECF No. 6.

have also expressed “concern[] that the immigration courts are not affording immigrants fair bond hearings,” as “the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore.” *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2025); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4-*5 (D. Colo. Apr. 22, 2026); *see also Asfir v. Blanche*, No. 26-cv-01435-GPG (D. Colo. July 2, 2026). Given this reality, the Court finds Petitioner’s immediate release is the appropriate remedy. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) (contemplating the district court should “order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.”).

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;
2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on his movement. Respondents shall facilitate Petitioner’s transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;
3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the

community such that his physical custody is legally justified pursuant to 8 U.S.C. § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order; and
5. On or before **October 11, 2026**, Respondents shall file a status report certifying compliance with this Order.

DATED: October 5, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge